## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
          Plaintiffs

        vs.

LAFRAMBOISE WELL DRILLING, INC.
        Defendant

        and

FLEET BANK,
        Trustee

C.A. No. 03-10919 MEL

## MEMORANDUM IN SUPPORT OF EX PARTE
## MOTION FOR ATTACHMENT BY TRUSTEE PROCESS

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 246, and Rule 4.2(g) Mass.R.Civ.P., plaintiffs Paul J. McNally, as he is Trustee, et al, are entitled to an *ex parte* prejudgment attachment if they can demonstrate that they are likely to recover judgment in an amount equal to or greater than the amount of the attachment requested and if the defendant is likely to dissipate or transfer the assets. For the reasons stated below, plaintiffs have satisfied the requirements for

an Ex Parte Order of Attachment by Trustee Process of the bank account(s) of LaFramboise Well Drilling , Inc. ("LaFramboise")  currently held by Fleet Bank.

## I.   THERE IS A REASONABLE LIKELIHOOD PLAINTIFFS WILL RECOVER JUDGMENT.

LaFramboise is signatory to a short form collective bargaining agreement with the Massachusetts Laborers' District Council and is bound thereby to contribute to the Massachusetts Laborers' Benefit Funds ("the Funds") on behalf of all laborers covered by that agreement.  Complaint, Exhibits A and B.  The Funds audited LaFramboise on February 15, 2002.  LaFramboise made certain payments thereafter, leaving a balance due of $12,007.44 in unpaid contributions for work it performed between January and December, 2001.  As a result of its late payments and underpayments, LaFramboise also owes the Funds $14,812.51 in interest and underpayments.  The Funds have repeatedly sought payment of these contributions, interest and underpayments but LaFramboise has refused to pay.  See Affidavit of Funds' Collection Agent Philip Mackay ("Mackay Aff."), pars. 3-6.   This evidence is sufficient to find that LaFramboise is liable to the Funds for these unpaid contributions, interest and underpayments.

Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan,[1] reasonable attorneys' fees and costs and such other legal or equitable action as the Court deems appropriate.  If the $12,007.44  in unpaid contributions were paid by June 30, 2003, LaFramboise would owe the Funds $3,527.90 in interest thereon.  Liquidated damages of at least $2,401.88 are

also due under the terms of the collective bargaining agreement. Mackay Aff., par. 7. Finally, LaFramboise owes at least $1,435.00 in fees and $150.00 in costs. See Affidavit of Anne R. Sills. This evidence is sufficient to find that LaFramboise is also liable for $3,527.90 in interest plus damages of $2,401.88 and $1,847.50 in attorneys' fees and costs. This total unpaid liability is at least $34,597.23, the amount of the trustee process.

There is a reasonable likelihood that plaintiffs will prevail in this action.

## II. THERE IS A CLEAR DANGER THAT IF NOTIFIED IN ADVANCE OF THE ATTACHMENT, DEFENDANT WILL TRANSFER THE ASSETS.

The defendant has failed to respond to the Funds' demand letters. To date, LaFramboise has failed and refused to pay the Funds any of these unpaid benefit fund contributions and interest. This conduct is indicative of a debtor who is deliberately avoiding its financial obligations. Thus, there is a clear danger that defendant will withdraw, conceal and/or dissipate its bank account assets if notified of this motion.

## III. PLAINTIFFS NEED NOT POST A BOND UNDER M.G.L. c. 246, §1.

No bond need be filed in an action for trustee process where the Complaint states that the action is inter alia for money due under a contract in writing. M.G.L. c. 246, §1. The unpaid contributions, interest, damages, attorneys' fees and costs sought in this action are all due under the terms of defendant's collective bargaining agreement with the Massachusetts Laborers' District Council. Complaint, Exhibit A; Certificate Re Trustee Process. As the Complaint seeks money due under the terms of a contract in writing, no bond is required.

---

[1] The collective bargaining agreement, attached to the Complaint as Exhibit A, provides for liquidated damages of 20%.

3

## IV.    CONCLUSION

For the foregoing reasons, plaintiffs request that this Court allow their Ex Parte Motion

for Attachment by Trustee Process.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  June 16, 2003

ARS/ars&ts
6306 02-342/memsupmo.doc

4